CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FORT WORTH DIVISION
FILED
2022 NOV 17 AM 9:48
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **ERIC L. ELLIS,**<br>Plaintiff,<br><br>vs.<br><br>**City of White Settlement, City of White Settlement Officer Payton Wyly, City of White Settlement Officer Corporal Banner, City of White Settlement Officer "John Doe 1" and City of White Settlement Officer "John Doe 2",**<br><br>**Defendants** | Case No.:<br><br>4-22CV-1028-P |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

## NATURE OF THE CASE

COMES NOW the Plaintiff, Eric Ellis, files this action against Defendants City of White Settlement Officer Payton Wyly, City of White Settlement Officer Corporal Banner, City of White Settlement Officer "John Doe 1" and City of White Settlement Officer "John Doe 2", in their individual capacities, and City of White Settlement and in support thereof states as follows:

## JURISDICTION AND VENUE

1.This is a civil action for money damages brought pursuant to 42 U.S.C. § 1983, and the First, Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has original jurisdiction over Plaintiff's claims presented in this Complaint based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.
3. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs, and attorney fees.

4. The unlawful actions alleged in this Complaint took place within the jurisdiction of the United States Northern District of Texas.

5. Venue is appropriate in the Northern District of Texas, pursuant to 28 U.S.C. § 1391(b) since the Individual Defendants are residents of Western Texas and the acts providing the legal basis for this Complaint occurred in the City of White Settlement, Texas.

## PARTIES

6. The Plaintiff, Eric Ellis, at all pertinent times was a sovereign citizen of the City of White Settlement, the State of Texas, and a citizen of the United States.

7. Defendant Payton Wyly #545, at all times relevant, was employed as a police officer and acting under color of state law as a law enforcement officer in the City of White Settlement, Texas.

8. Defendant "Corporal Banner, at all times relevant, was employed as a police officer and acting under color of state law as a law enforcement officer in the City of White Settlement, Texas.

9. Defendant "Officer John Doe 1", at all times relevant, was employed as a police officer and acting under color of state law as a law enforcement officer in the City of White Settlement, Texas.

10. Defendant "Officer John Doe 2", at all times relevant, was employed as a police officer and acting under color of state law as a law enforcement officer in the City of White Settlement, Texas.

11. The individual Defendants are sued in their individual capacity.

12. Defendant, City of White Settlement, is a political subdivision of the State of Texas.

13. The individual Defendants, Officer Wyly, Officer John Doe 1, and Officer John Doe 2, will herein be referred to collectively as the individually named Defendant Officers. Upon information and belief, all the individually named Defendant Officers are citizens of the United States and are law enforcement officers within the jurisdiction of the Tarrant County and are employed by the City of White Settlement.

## FACTUAL BACKGROUND

14. Plaintiff, Eric Ellis was rightfully traveling on Las Vegas Trail in White Settlement, TX when he was spotted at the intersection of White Settlement Road and Las Vegas Trail by Defendant Officer Payton Wyly.

15. Defendant Officer Wyly (going in the opposite direction) then hit an illegal U-turn and proceeded to use his emergency lights to get the Plaintiff to pull over.

16. Plaintiff Eric Ellis respectfully obliged.

17. Officer Wyly approached Eric Ellis and stated he pulled him over because of a "license plate" before asking for identification.

18. Eric Ellis then told Officer Wyly that he is traveling and he isn't engaged in commerce.

19. Eric Ellis asks the officer is he detained and the officer responds with "yes you are being detained". He was now DETAINED!

20. Eric Ellis provides the Officer Wyly with a Notice of Detainment for the Officer to provide information on why he is being detained. *SEE EXHIBIT** A

21. The City of White Settlement Officer Payton Wyly declined to fill out the notice of Detainment.

22. Officer Wyly then calls back up from Officer John Doe 1 and Officer John Doe 2.

23. When the officers arrived Officer P. Wyly reached his hand inside of Eric Ellis's property to open the door forcing him out of his rightfully owned property placing him under arrest.

24. Eric Ellis asks the Officer what is he being arrested for and the Officer responded, "Failure to identify". This is false Eric Ellis provided the Officer documents with his

identity on it even though the Officer failed to provide Eric Ellis with information on the detainment.

25. Eric Ellis was placed in handcuffs, and inside of Officer Wyly's police vehicle.

26. While inside the Wyly's police vehicle Eric Ellis was interrogated by Officer John Doe 1. Eric Ellis refused to answer questions because he was already under arrest.

27. Eric Ellis's Miranda rights were never read to him in the process of his arrest.

28. Officer John Doe 1 and Officer John Doe 2 failed to intervene in the illegal stop resulting in the false arrest of Eric Ellis.

29. Subsequent to the false arrest, Eric Ellis was taken to the White Settlement Police Department at 8900 Clifford St, White Settlement, TX 76108 and was forced to have his fingerprints seized illegally and logged into Texas Criminal System forever. He was now "FALSELY IMPRISONED".

30. While Eric Ellis was falsely imprisoned by the Defendants, Defendant City of White Settlement Corporal Officer Banner denied Eric Ellis the right to complain about the civil rights violations he had experienced from the arrest to the cell.

31. City of White Settlement Police Department falsely imprisoned Plaintiff, Eric Ellis for roughly 20 hours before he was released with a citation.

32. The Citation Eric Ellis received upon release contained false information that was fabricated during the illegal search and seizure of the Plaintiff.

33. City of White Settlement Police Department charged Eric Ellis with "Operate Vehicle W/O license plates" instead of the charge Officer Payton Wyly arrested him for (Failure to Identify). citation# E015388 see EXHIBIT B;

The fingerprints that were illegally seized from the Plaintiff were autonomously sent electronically to the DPS and the FBI.

## CLAIMS FOR RELIEF

### COUNT I:

Deliberately Fabricating False Evidence to Frame Eric Ellis in Violation of the Fourteenth Amendment's Due Process Clause 42 U.S.C. § 1983

(Against All Defendants)

34. Eric Ellis re-alleges and incorporates by reference the allegations set forth in paragraphs 1-33 above as if fully set forth herein.

35. As the Fifth Circuit has proclaimed,

> Deliberate framing of a person by the state offends the most strongly held values of our nation. We echo again the apt words of the First Circuit that, "if any concept is fundamental to our American system of justice, it is that those charged with upholding the law are prohibited from deliberately fabricating evidence and framing individuals." As the Third Circuit has stated, "no sensible concept of ordered liberty is consistent with law enforcement cooking up its own evidence." . . . . The rule of law, which we have cherished since our founding, cannot abide such conduct.

*Cole v. Carson, 802 F.3d 752, 772 (5th Cir. 2015), cert. granted, judgment vacated sub nom. Hunter v. Cole, 137 S. Ct. 497 (2016), and opinion reinstated in relevant part, 905 F.3d 334 (5th Cir. 2018).*

36. *Here,* Defendants fabricated a false police citation, containing the same falsehoods and omissions, to conceal their misconduct, corroborate their other fabricated evidence, and further retaliate against Eric Ellis.



37. In short, Defendants intentionally fabricated, caused to be fabricated, and agreed to fabricate, evidence that Eric Ellis committed a misdemeanor. In doing so, they deprived Eric Ellis of his liberty and property without due process of law and violated Eric Ellis's clearly established rights, including the right not to be framed by law enforcement.

38. Defendants' deliberate fabrication of evidence that they submitted to at least one judge, one prosecutor, and one magistrate, for purposes of concealing Defendants' mistreatment of, and further retaliating against, Eric Ellis, is so offensive to basic concepts of liberty, justice and democracy that it "shocks the conscience" and violates Eric Ellis's clearly established Fourteenth Amendment substantive and procedural due process rights.

39. Defendants, acting under color of state law, directly and proximately caused the violations of that clearly established right and ensuing compensable injuries. Defendants' actions were willful, deliberate, and malicious, and involved reckless or callous indifference to Eric Ellis's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

## COUNT II:
## Reliance on False Statements and Material Omissions in an Affidavit in Support of Probable Cause for a Felony Prosecution in Violation of the Fourth Amendment 42 U.S.C. § 1983

(Against All Defendants)

40. Eric Ellis re-alleges and incorporates by reference the allegations set forth in paragraphs above as if fully set forth herein.

41. Defendants' reliance on false statements and material omissions in their records, submitted to a magistrate for review of whether probable cause existed for a

misdemeanor prosecution and its associated searches and seizures, violated Eric Ellis's clearly established Fourth Amendment rights.

42. But for Defendants' false statements and material omissions, the magistrate would not have found probable cause for the misdemeanor prosecution to proceed. Nor would he have compelled Eric Ellis to submit to the numerous searches and seizures arising from the pending misdemeanor case, including the finger print scans that the plaintiff verbally refused, the initial strip search upon being booked in jail and other searches and seizures.

43. Defendants' unconstitutional acts, under color of state law, directly and proximately caused compensable injury to Eric Ellis.

44. Defendants included, caused to be included, and agreed to include these false statements and material omissions into record knowingly and intentionally, or with reckless disregard for the truth.

45. On information and belief, all Defendants assisted in the preparation of the false citation, false charges and false misdemeanor holds by agreeing upon falsehoods to include and exculpatory facts to omit. They did so either while huddling on-scene with their microphones turned off or shortly afterwards while at least Defendants were together at the station, but before producing the false statements appearing to conceal and justify Defendant Wyly's directive to arrest Eric Ellis.

46. Defendants' actions were willful, deliberate, and malicious, and involved reckless or callous indifference to Eric Ellis's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

Retaliation for Mr. Ellis's Questioning the Legitimacy of—and His Legal Obligation to Agree to—Defendant Ferguson's Urging That He Take a Voluntary Breath Test in Violation of the First Amendment 42 U.S.C. § 1983

## <u>COUNT III:</u>
## Retaliation for Eric Ellis's Questioning the Legitimacy of—and His Legal Obligation to be detained in Violation of the First Amendment 42 U.S.C. § 1983

(Against All Defendants)

47. Eric Ellis re-alleges and incorporates by reference the allegations set forth in paragraphs above as if fully set forth herein.

48. The First Amendment prohibits government officials from retaliating against individuals engaged in constitutionally protected activities.

49. Eric Ellis engaged in constitutionally protected speech when he questioned the legitimacy of–and his legal obligation to agree to–Defendant Wyly's urging that he step out of the vehicle without having probable cause or reasonable suspicion a crime was being committed.

50. Eric Ellis also engaged in constitutionally protected speech when he questioned the legitimacy of–and his legal obligation to agree to–Defendant Wyly's urging a submit a finger print scan to be released from White Settlement Police Department jail quicker.

51. As established above, there was no probable cause to arrest Eric Ellis for the offense of "operating a motor vehicle w/o license plates." Eric Ellis, nor his property is in contract with the Texas Department of Motor Vehicles. Eric Ellis was traveling by right.

52. Defendants would not have arrested Eric Ellis but for his questioning of Defendant Wyly's conduct and the legal basis of his requests.

53. By arresting Eric Ellis and deliberately fabricating evidence, deliberately causing evidence to be fabricated, and deliberately agreeing to fabricate evidence against him because of his speech, Defendants impermissibly retaliated against him in violation of his clearly established First Amendment rights.

54. But for Eric Ellis's engagement in constitutionally protected activity, Defendants would not have arrested and fabricated false evidence to incriminate him.

55. Defendants' unconstitutional acts, under color of state law, directly and proximately caused compensable injury to Mr. Ellis.

56. Defendants' actions were willful, deliberate, and malicious, and involved reckless or callous indifference to Mr. Ellis's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

**COUNT IV:**
**Civil Conspiracy**
**42 U.S.C. § 1983**

(Against all Defendants)

57. Mr. Ellis re-alleges and incorporates by reference the allegations set forth in paragraphs above as if fully set forth herein.

58. Defendants, acting under color of state law, agreed to take actions to deprive Mr. Ellis of his clearly established constitutional rights as described in Counts I-X.

59. They agreed, at Defendant Wyly's direction, to fabricate evidence against him, in the form of false charges, police reports and verbal statements to the Magistrate Judge and Prosecutor that contradicted their own observations and statements on the scene. They did so in an attempt to conceal and justify Defendant Wyly's spontaneous and unjustified arrest of Mr. Ellis and to further retaliate against Mr. Ellis for questioning the legitimacy of, and legal basis for, Defendant Wyly's conduct.

60. On information and belief, Defendants formed the agreement to do so either while huddling on-scene with their microphones turned off or shortly afterwards while at least Defendants Wyly and Officer John Doe 1 and Officer John Doe 2 were together at the station, but before Defendants produced the false statements.

61. Defendants' actions were willful, deliberate, and malicious, and involved reckless or callous indifference to Mr. Ellis's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

**COUNT V:**
**Failure to Intervene**
**42 U.S.C. § 1983**

(Against All Defendants)

62. Eric Ellis re-alleges and incorporates by reference the allegations set forth in paragraphs above as if fully set forth herein.

63. Defendants, acting under color of state law, knew or should have known that they and others were violating Mr. Ellis's constitutional rights as described in all Counts I-X.

64. Defendants each had multiple reasonable opportunities to intervene and prevent these violations but, acting with deliberate indifference, declined to do so.

65. Defendants' failure to intervene violated Mr. Ellis's clearly established constitutional rights.

66. Through their failure to intervene, Defendants directly and proximately caused Mr. Ellis's injuries.

67. Defendants' actions were willful, deliberate, and malicious, and involved reckless or callous indifference to Mr. Ellis's rights, and should be punished and deterred by an award of punitive damages against Defendants as permitted by law.

**COUNT VI:**

VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(First Amendment – Retaliatory Arrest)

(Against All Defendants)

68. Plaintiffs incorporate herein all the prior allegations.

69. Defendants intentionally, knowingly, maliciously, recklessly, unreasonably, and/or gross negligently detained, handcuffed, and/or arrested Plaintiffs without any lawful basis.

70. These adverse acts were done due to Plaintiff Ellis's exercise of his First Amendment right to free speech and his right to file a formal complaint against law enforcement at the White Settle Police Department.

71. Plaintiff Ellis's retaliatory arrest was based on Defendant Officers' knowing, deliberate, and reckless disregard for the truth, wherein they made false statements and omissions that created falsehoods that were incorporated into documents, including a citation. Such statements were material and necessary to finding probable cause for the false charges that were levied against Plaintiff Ellis. The retaliatory arrest was made and continued under the color of law and without proper investigation, study, diligence, or basis. Further, the Defendant Officers had no knowledge of any fact or circumstance which would lead a reasonable person to believe that Plaintiff Ellis committed any offense, whatsoever.

72. Defendant Officer Wyly intentionally arrested Plaintiff Eric Ellis and/or had him arrested with the intention of deterring him from exercising his First Amendment right to file a civil rights complaint.

73. Defendant Wyly's conduct in entering Plaintiffs' property and opening the door deprived him of his liberty without his consent, probable cause, legal justification, just cause, or any other legally valid reason.

74. Plaintiffs suffered harm as a result.

**COUNT VII:**
VIOLATION OF CIVIL RIGHTS UNDER
42 U.S.C. § 1983 (Fourth Amendment – Excessive Force)

(Against All Defendants)

75. Plaintiffs incorporate herein all prior allegations.

76. Defendant's, acting under color of law, violated all Plaintiffs' constitutionally protected rights including their right to be free from excessive force.

77. Plaintiffs suffered harm as a result.

**COUNT VIII:**
VIOLATION OF CIVIL RIGHTS UNDER
42 U.S.C. § 1983 (Fourth Amendment – Malicious Prosecution)

(Against All Defendants)

78. Plaintiffs incorporate herein all prior allegations.

79. The elements of malicious prosecution are as follows:

80. A criminal proceeding commenced against the Plaintiff;

81. Defendant initiated or procured the proceeding;

82. The proceeding has not been scheduled or terminated yet;

83. The Plaintiff was innocent of the crime charged;

84. The Defendant lacked probable cause to initiate the criminal proceeding;

85. The Defendant acted with malice; and

86. The Plaintiff suffered harm as a result.

87. Defendant Officers filed a false report to the county prosecutor, charging Ellis with Operating a Vehicle w/o plates.

88. The proceeding has not been scheduled yet, thus it is currently an ongoing contributory cause in Ellis's stress and emotional distress because Eric Ellis will not know the outcome until the case is settled or dismissed.

89. Ellis was innocent of the crime charged because he did not commit any crime at all.

90. Defendant Officers lacked probable cause to initiate the criminal proceeding because they knew Ellis did not need to have any type of plate to exercise his right to travel.

91. Defendant Officers acted with malice by filing a false report to corroborate an arrest.

92. Plaintiffs suffered harm as a result.

**COUNT VIIII:**
VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(First Amendment – Retaliatory Prosecution)

(Against All Defendants)

93. Plaintiff incorporate herein all prior allegations.

94. Defendant Officers, acting under color of law, maliciously charged Plaintiff Ellis with a frivolous criminal charge.

95. This adverse act was done in retaliation for Plaintiff Ellis engaging in constitutionally protected conduct as described herein, and to prevent him from engaging in such conduct, specifically filing a complaint against the police.

96. Defendant's adverse acts would deter a man of ordinary firmness from continuing to engage in filing complaints against the police in the future.

97. Plaintiff suffered harm as a result.

**COUNT X:**
VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983
(Municipal Liability – Unlawful Policy / Failure to Train)

98. Plaintiff incorporate herein all prior allegations.

99. A municipality is liable under 42 U.S.C. § 1983 if the acts that violated a person's right were undertaken pursuant to the municipality's policies and customs.

100. Defendant City of White Settlement directly caused the constitutional violations suffered by Plaintiffs, and is liable for the damages caused as a result of the conduct of the individual Defendants. The conduct of the individual Defendant Officer Payton Wyly was a direct consequence of the policies and practices of Defendant City of White Settlement.

101. At all times relevant in this complaint, direct and proximate cause of the damages and injuries complained of were caused by policies, practices and /or customs developed, implemented, enforced, encouraged, and sanctioned by Defendant City of White Settlement, including the failure:

a. To adequately supervise and train its officers and agents, including individual Defendants, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

b. To properly and adequately monitor and discipline its officers, including individual Defendants; and

c. To adequately and properly investigate citizen complaints of police misconduct and instead, acts of misconduct were tolerated by the Defendant City of White Settlement. Defendant City of White Settlement has acted with deliberate indifference to the constitutional rights of the Plaintiffs. As a direct and proximate result of the acts as stated herein by each of the Defendants, each of the Plaintiffs' constitutional rights have been violated.

102. This failure to supervise, discipline, or control its officers demonstrates deliberate indifference to the constitutional rights of the plaintiffs and is directly responsible for the individual defendants acting the way they did as outlined in this lawsuit.

103. Further the de facto unwritten policy, procedure, or custom, described herein, including arresting individuals who engage in protected conduct for false reasons, demonstrates deliberate indifference to the constitutional rights of the plaintiffs and is directly responsible for the individual defendants acting the way they did as outlined in this complaint.

104. Defendant City of White Settlement and Defendant Corporal Officer Banner have a history of unlawfully training and permitting officers to arrest individuals engaged in protected conduct. Defendant Banner on several occasions has encouraged the arrest and prosecution of individuals exercising their first amendment rights.

105. Defendant City of White Settlement's supervision of the defendant officers, was deficient as it to relates to excessive force, unlawful arrests, and unlawful searches and seizures. Defendant City of White Settlement made a deliberately indifferent choice to not provide adequate supervision of these officers to ensure that such actions are not repeated, and that is exactly why these defendant officers were enabled and in fact emboldened to violate the plaintiffs' Constitutional rights as outlined herein.

106. As a proximate result of the unconstitutional acts and omissions of Defendant City of White Settlement, Plaintiffs were harmed and suffer damages for their physical, mental, and emotional injury and pain, mental anguish, humiliation, and embarrassment.

## REQUEST FOR RELIEF

107. Defendants' flagrant disregard for their professional obligations, the court system, the rule of law, and Mr. Eric Ellis's basic dignity led to very real pain, fear, and material costs for Mr. Ellis. Mr. Ellis now asks the Court to enter a judgment confirming that these officers are not above the laws they enforce, and that they will be held accountable for abusing their authority.

108. WHEREFORE, on the basis of the foregoing, Mr. Ellis demands a jury trial for all issues so triable pursuant to the Seventh Amendment of the United States Constitution and Federal Rules of Civil Procedure, and requests that this Court issue the following relief, jointly and severally, against all Defendants:

a. Declare that Defendants violated Eric Ellis's constitutional rights;

b. Award compensatory damages against Defendants in an amount to be determined by a jury at trial;

c. Award punitive damages against Defendants for their willful and egregious violations of the law in an amount to be determined by a jury at trial;

d. Award reasonable attorneys' fees, expenses, and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable law; and

e. Award such other relief as the Court deems just and proper.

f. Declaratory judgment that City of White Settlement's policies are unconstitutional;

Respectfully submitted, this 9th day of December, 2022,

## WHITE SETTLEMENT'S NOTICE OF CLAIM STATURE

**NOTICE OF CLAIM AGAINST THE CITY OF WHITE SETTLEMENT**

**SECTION 9.08 SPECIAL PROVISION COVERING DAMAGE SUITS** Before the City shall be liable for a claim or suit for personal injury or damage to property, the person who is injured or whose property is damaged, or someone on the person's behalf, shall give the City Manager or the City Manager's designee notice in writing duly verified within thirty (30) days after the occurring of the alleged injury or damage was sustained, and setting forth the extent of the injury or damage as accurately as possible, and giving the names and addresses of all witnesses and upon whose testimony such person is relying to establish the injury or damage. No action at law shall be brought against the City for personal injury or damage to property prior to the expiration of sixty (60) days after the notice hereinbefore described has been filed with the City Manager or the City Manager's designee.

**YOU MAY SUBMIT THE COMPLETED CLAIM FORM ONE OF TWO WAYS:**

**Mail or Hand Deliver to:**
City of White Settlement
Risk Manager
214 Meadow Park Drive
White Settlement, TX 76108

**Email to:**
riskmanager@wstx.us

## SUPREMACY CLAUSE

Article VI, Paragraph 2 of the U.S. Constitution is commonly referred to as the Supremacy Clause. It establishes that the federal constitution, and federal law generally, take precedence over state laws, and even state constitutions. It prohibits states from interfering with the federal government's exercise of its constitutional powers, and from assuming any functions that are exclusively entrusted to the federal government.

Under the supremacy clause, state law is irrelevant if inconsistent with federal law. U.S. CONST. art. VI ("This Constitution, and the Laws of the United States . . . shall be the Supreme Law of the Land."). See Free v. Bland, 369 U.S. 663, 666 (1962) (According to the supremacy clause "[t]he relative importance to the state of its own law is not material when there is a conflict with a valid federal law .. "); Hampton v. City of Chicago, 484 F.2d 602, 607 (7th Cir. 1973) (construing federal statute to be subordinate to state immunity defense would change fundamental right into "illusory promise"), cert. denied, 415 U.S. 917 (1974).

## NOTICE OF CLAIM UNDERMINES THE CIVIL RIGHTS STATUTES

In Felder v. Casey the United States Supreme Court found that a notice of claim statute undermined the intent of section 1983 by hindering the victim's ability to recover rather than fostering it in accordance with the statute's remedial purpose. The Court further noted that notice of claim was not an innocuous procedural device, but a substantive condition" which altered the federal cause of action; beyond the state's authority under the supremacy clause. Moreover, the Court stated that Congress, through section 1983,

wanted to facilitate recovery against state governmental bodies and notice of claim requirements restrict it by the imposition of conditions.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable, pursuant to Fed. R. Civ. Pr. 38(b).

Respectfully submitted,
Eric Lamar Ellis
8539 Melissa Dr
White Settlement, Tx 76108
Ericlamarellis@Gmail.com
11.17.2022

**CERTIFICATE OF SERVICE**

I hereby affirm that on this 17th day of November, that the foregoing document was filed with the Court's CM/ECF electronic filing system, and a motion to serve has been filed with the court requesting the court serve the defendants on behalf of the Pro Se Plaintiff.

*/s/ Eric L. Ellis*