IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC LAMAR ELLIS,  Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:22-CV-1028-P |
| CITY OF WHITE SETTLEMENT, ET AL.,  Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE REGARDING DEFENDANTS' MOTION TO DISMISS**

Pending before the Court are the following motions that were filed on April 17, 2023: (1) Defendant City of White Settlement, Texas' Motion to Dismiss Plaintiff's Amended Complaint [doc. 29]; (2) Defendant Payton Wyly ("Wyly")'s Motion to Dismiss Plaintiff's Amended Complaint [doc. 30]; and (3) Defendant Corporal John Banner ("Banner")'s Motion to Dismiss Plaintiff's Amended Complaint [doc. 31].[1]  Having carefully reviewed the motions, response, reply, other relevant filings, and the applicable law, the Court makes the following findings, conclusions, and recommendation.

## I.  RELEVANT BACKGROUND

This case was filed by *pro-se* Plaintiff Eric Lamar Ellis ("Ellis")[2] on November 17, 2022. After several Defendants filed motions to dismiss in March 2023 and Ellis requested leave to file

---

[1] The other Defendants in this case are Christopher Cook ("Cook"), Chief of Police; Jonathan Loser ("Loser"), a police officer; and Jeffrey James ("James"), City Manager of the City of White Settlement.

[2] The Court notes that Ellis has also several other lawsuits against some of the same Defendants in this case, including the following: (1) *Ellis, et al. v. City of White Settlement, et al.*, No. 4:22-cv-1095-O-BP (N.D. Tex.) and (2) *Ellis v. City of White Settlement, et al.*, No. 4:22-cv-1033-O (N.D. Tex.).  In addition, Ellis has also filed numerous other lawsuits, including the following: (1) *Ellis v. City of Irving*, No. 3:22-cv-265-B-BN (N.D. Tex.) (transferred from the W.D. La. (5:21-cv-3211); (2) *Ellis v. Garza-Lopez, et al.*, No. 3:22-cv-675-N-BN (N.D. Tex.); (3) *Ellis v. Capital One Auto Finance, et al.*, No. 5:21-cv-903-EEF-MLH (W.D. La.); (4) *Ellis v. Nixon, et al.*, No. 5:21-cv-3856-SMH-MLH (W.D. La.); (5) *Ellis v. Pinckley, et al.*, No. 5:22-cv-345-SMH-KDM (W.D. La.); (6) *Ellis v. Cargill Meat Solutions, et al.*, No. 4:22-CV-864-Y (N.D. Tex.); (7) *Ellis v. City of Grand Prairie, et al.*, 3:23-cv-1508-N-BH (N.D.

an amended complaint, the Court allowed, in an order dated March 27, 2023 [doc. 20], Plaintiff to file an Amended Complaint.  Plaintiff filed an Amended Complaint [doc. 23] on April 3, 2023, which is the live pleading before the Court.  In his Amended Complaint, Ellis alleges, *inter alia*, the following:

> On the afternoon of November 7, 2022, Plaintiff was traveling on Las Vegas trail at the intersection of White Settlement [R]d. in White Settlement, Texas.
>
> Plaintiff was in his property with his family, at the light when he was spotted by White Settlement Police Officer Payton Wyly.  Officer Wyly then hits an illegal U-turn prior to using his emergency lights to signal the plaintiff to pull over. Defendant Wyly first spoke with Ellis, informing Ellis that he pulled him over because Ellis didn't have a license plate.  Plaintiff Eric Ellis informed him that he is traveling, and he is not required to have a license plate to exercise his right to travel.  Defendant Wyly then requested a license, which Plaintiff Eric Ellis does not possess.  Alternatively, Ellis identifies himself verbally by communicating with the officer.  Ellis then asks the officer for information regarding the detainment of him and his family.  Defendant Wyly ignored Eric Ellis's request and proceeded to label Plaintiff Eric Ellis a "sovereign citizen".  Defendant Wyly distributed the "sovereign citizen" title to his employer and coworkers.  Shortly after John Banner and Jonathan Loser arrived, Defendant Payton Wyly arrested Plaintiff Eric Ellis for "failure to identify".  Eric Ellis was then booked in the White Settlement jail for around 20 hours.
>
> Ellis did not want to engage further with Defendants because, as a Black person, he feared that the encounter could result in serious physical harm or death to him and/or his family, who were also detained by the Defendants. This fear was justified in light of the high number of documented incidents of police brutality against Black people, even those who are completely innocent of any crimes.
>
> Despite Ellis's providing his legal name to Officer Wyly, Officer Wyly persisted in arresting Ellis for "failure to identify". Plaintiff began verbally protesting what he considered to be harassment by Defendant Wyly, and repeatedly asked what basis there was to persist in detaining and arresting him. Plaintiff also repeatedly stated that he had not done anything wrong and had no connection White Settlement's No license plate policy. While Plaintiff was firm in his verbal tone, he never screamed or yelled, he never threatened the Defendants, and never said or did anything that would have led a reasonable law enforcement officer to fear for their safety or to suspect that Plaintiff committed, or were planning on committing, any crime.

---

Tex.); and (8) *Ellis v. City of Fort Worth, et al.*, No. 4:23-cv-685-P-BJ (N.D. Tex.).  The Court notes that Ellis, in an order dated August 4, 2023 in 4:23-cv-685-P, was declared a vexatious litigant.

> Plaintiff continued to protest Defendant Wyly's persistence in seeking identification and explaining that he had not done anything wrong. Defendant Wyly did not dispute these statements, nor did he offer any reason to justify a belief to the contrary. Instead, the Officer reached his hand inside the Plaintiff's property to open the driver's side door forcing the Plaintiff to exit the vehicle.
>
> After Defendants Jonathan Loser and John Banner arrived to the scene, the officers failed to intervene in the illegal stop. After the Defendants handcuffed Ellis, Defendant Wyly physically removed Eric Ellis from his property and handcuffed him. Defendants forcibly placed the Plaintiff into a patrol vehicle. Thereafter, one or more Defendants searched Plaintiff's vehicle while interrogating the Plaintiff's family.
>
> Defendants held the Plaintiff handcuffed in the back of Defendants' patrol cars for several minutes. At some point, Defendant Corporal John Banner arrived on scene and learned the circumstances surrounding the detentions. However, despite learning that no reasonable suspicion existed to detain Plaintiff nor his family (much less probable cause to arrest), he did not instruct his subordinates to release them. Eventually, however, Defendants released the Plaintiff's family while they transported Plaintiff Eric Ellis to jail. As a result of the Defendants' actions, Plaintiff suffered a deprivation of his rights and liberties, sustained physical injuries, including abrasions to their wrists and arms, and suffered physical pain, mental suffering, emotional distress, fear, embarrassment, and other general damages in an amount to be proven at trial.
>
> At no time during the encounter with Defendants did Plaintiff do or say anything that would put a reasonable officer in fear of his or her safety.

(Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 4-5.) Included with the Amended Complaint is a picture of the citation that Ellis allegedly received showing that Ellis was cited for operating a vehicle without license plates. (Pl.'s Am. Compl. at 7.) Plaintiff claims, *inter alia*, that "there was no probable cause to arrest Eric Ellis for the offense of 'operating a motor vehicle w/o license plates,'" as "Ellis, nor his property is in contract with the Texas Department of Motor Vehicles." (Pl.'s Am. Compl. at 9.) Ellis alleges that he "was traveling by right." (*Id*.) Ellis also claims that "[c]hoosing to detain Plaintiff—a Black man—traveling in 'White Settlement' based on the city's custom 'no license plate' policy is illegal racial profiling and prohibited by the Fourteenth Amendment's Equal Protection Clause." (Pl.'s Am. Compl. at 16.)

3

Ellis set forth the following claims against Defendants:[3] (1) deliberately fabricating false evidence to frame Ellis in violation of the Fourteenth Amendment's due process clause; (2) reliance on false statements and material omissions in an affidavit in support of probable cause for a misdemeanor prosecution in violation of the Fourth Amendment; (3) retaliation for Ellis' questioning of the legitimacy of—and his legal obligation to be detained—in violation of the First Amendment; (4) civil conspiracy; (5) failure to intervene; (6) violation of civil rights for retaliatory arrest in violation of the First Amendment; (7) excessive force in violation of the Fourth Amendment; (8) violation of the Fourth Amendment for malicious prosecution; (9) violation of the First Amendment for retaliatory prosecution; (10) municipal liability for unlawful policy/failure to train; (11) violations of the Fourth Amendment against Defendants Wyly, Banner, James, Cook, and Loser; (12) violations of the Fourteenth Amendment against Defendants Wyly, Banner, James, Cook, and Loser; (13) violations of the First Amendment; (14) violations of Monell and supervisor liability against Defendants City of White Settlement, Cook, and James; (15) violations of 42 U.S.C. § 1981 against Defendants Wyly, Banner, and Loser; (16) assault against Defendants City of White Settlement and Wyly; (17) battery against Defendants City of White Settlement and Wyly; (18) false arrest and imprisonment; (19) invasion of privacy against Defendants City of White Settlement, Wyly, Banner, and Loser; (20) negligence; and (21) defamation against Defendants City of White Settlement and Wyly. (Pl.'s Am. Compl. at 6-23.)

In their Motions to Dismiss, Defendants argue that the case should be dismissed for, *inter alia*, the following reasons: (1) Plaintiff has failed to state a claim based on a "sovereign citizen" theory and his claims are frivolous; (2) Plaintiff has failed to state a claim upon which relief can be granted; (3) Plaintiff's state law tort claims should be dismissed; and (4) Plaintiff's claims may

---

[3] The first fourteen claims were brought pursuant to 42 U.S.C. § 1983.

be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Defendant City of White Settlement, Texas' Motion to Dismiss ("Def. City's Mot. To Dismiss") at 5-24; Defendant Payton Wyly's Motion to Dismiss ("Def. Wyly's Mot. to Dismiss") at 5-25; Defendant John Banner's Motion to Dismiss ("Def. Banner's Mot. to Dismiss") at 5-25.)

## II.     LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure ("Rule") 12(b)(6) authorizes the dismissal of a plaintiff's claim for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, pleadings must demonstrate specific, well-pleaded facts, not merely conclusory allegations. *See Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Supreme Court remarked in *Iqbal* that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citations omitted). In sum, when plaintiffs "have not

nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

In addition to testing the factual sufficiency of a claim, Rule 12(b)(6) authorizes a court to dismiss claims that have no basis, arguable or otherwise, in the law. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992). A complaint that lacks an arguable basis in law or fact is deemed "frivolous." *Neitzke*, 490 U.S. at 325. A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Moreover, a claim lacks an arguable basis in fact "if the facts alleged are clearly baseless, . . . a category encompassing allegations that are fanciful, . . . fantastic, . . . and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotations omitted); *see Berry*, 192 F.3d at 507.

In ruling on a Rule 12(b)(6) motion, the court assesses whether the plaintiff has pleaded a legally cognizable claim, not the likelihood of success. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). "Whether Plaintiffs have the ultimate burden of proof at trial on any of their claims is irrelevant here because, for purposes of Defendants' Rule 12(b)(6) motion, Plaintiffs have no burden of proof. Rather, the issue is whether Plaintiffs, based on their pleadings, have stated a claim upon which relief can be granted." *Preston v. Seterus, Inc.*, 931 F. Supp. 2d 743, 751 (N.D. Tex. 2013). "Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotations omitted).

As set forth above, Defendants, in their motions to dismiss, claim, *inter alia*, that Ellis has failed to state a claim because his claims are based on the frivolous theory that he is a "sovereign citizen" and "need not abide by Texas laws regulating the operation of motor vehicles, including carrying and providing a stopping officer with a valid driver's license, and displaying valid license plates on his vehicle." (Def. City's Mot. to Dismiss at 5; *see* Def. Wyly's Mot. to Dismiss at 5-7; Def. Banner's Mot. to Dismiss at 5-7.) Defendants argue that "[s]overeign citizen legal arguments and theories 'are not valid in the courts of the United States' and have been overwhelmingly rejected for years as frivolous and 'indisputably meritless.'" (*Id.*) Defendants further state that "Plaintiff's causes of action stem from the untenable legal theory that he was not required to provide officers with a driver's license or to display license plates when operating his vehicle;" consequently, "[a]s such, the Court in this case need not separately address each individual cause of action listed in this Complaint." (Def. City's Mot. to Dismiss at 6 (footnote omitted); *see* Def. Wyly's Mot. to Dismiss at 5-7; Def. Banner's Mot. to Dismiss at 5-7.) Defendants claim that "[d]ismissal with prejudice is appropriate for claims that are "'patently frivolous and completely devoid of an arguable basis, either in fact or in law.'" (Def. City's Mot. to Dismiss at 7; *see* Def. Wyly's Mot. to Dismiss at 7; Def. Banner's Mot. to Dismiss at 7.)

Ellis, in his response, states, *inter alia*, that he "never exchanged his constitutional rights to travel for a privilege" and that "Defendants can't blanket-apply the Texas Transportation Code to the Plaintiff just because he was traveling in his car on the public roadway." (Plaintiff's Opposition to Defendant City of White Settlement's Motion to Dismiss ("Pl.'s Resp.") [doc. 32] at 4.) Ellis further argues that the "Defendant's defense is based on the Texas Transportation Code, their 'sovereign citizen' impression of Eric Ellis, the Texas Tort Claims Act" and that "[n]one of these defenses trump the violation of Eric Ellis's constitutional right to be free from false arrest

and unreasonable force." (Pl.'s Resp. at 4-5.) Ellis states that "[i]t is very true that Plaintiff Eric Ellis, did not have a 'license plate' on his person but he is also not required to have a 'license plate' to engage in the constitutionally protected activity of travel." (*Id.* at 5.) Ellis claims that the Texas Transportation Code does not apply to him because it only involves "'carriers' and the transportation of goods or services." (Pl.'s Resp. at 6.)

After reviewing all the documents filed in this case, as well as the relevant case law, the Court agrees with Defendants that, as to Plaintiff's claims that "derive from the so-called sovereign citizen movement [or other similar argument], such claims are legally frivolous." *Van Horne v. Valencia*, No. 1:21-CV-00173-BU, 2022 WL 3574299, at *5 (N.D. Tex. Feb. 16, 2022), *rep. and recommendation adopted*, 2022 WL 2800878 (N.D. Tex. July 18, 2022); *see Davis v. Weatherford Mun. Ct.*, No. 4:19-cv-00502-P-BP, 2019 WL 7484130, at *4 (N.D. Tex. Dec. 20, 2019), *rep. and recommendation adopted*, 2020 WL 59511 (N.D. Tex. Jan. 6, 2020) ("Davis's sovereign-citizen arguments that state and federal laws do not apply to him are without legal support and are patently frivolous."). While Ellis, in his most recent filings, tries to distance himself from this movement and claims that he is not a sovereign citizen, it is clear, regardless of how he wants to title or describe it, that his arguments are based on the sovereign-citizen movement in that he is claiming he is not subject to the laws prescribed in the Texas Transportation Code. *See, e.g.*, *Neal v. Wainwright*, No. 2:17-CV-207-Z-BR, 2020 WL 6263164, at *2 (N.D. Tex. Oct. 23, 2020) (citing *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (Fed. Cl. 2011)) (describing some beliefs of the movement and noting "[s]o-called sovereign citizens believe that they are not subject to governmental authority and employ various tactics in an attempt to, among other things avoid paying taxes, extinguish debts, and derail criminal proceedings.")). Ellis cannot claim to be independent of governmental authority while simultaneously asking the judicial system to grant

him recourse. *See Westfall v. Davis*, No. 7:18-CV-0023-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rep. and recommendation adopted*, 2018 WL 2414794 (N.D. Tex. May 28, 2018). Sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and meritless. *Mack v. Sweet*, No. 4:17-cv-00434-O-BP, 2017 WL 6756667, at *4 (N.D. Tex. Dec. 4, 2017), *rep. and recommendation adopted*, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017).

Contrary to Ellis's claims that he does not need a valid driver's license or a license plate, the "Supreme Court established 'long ago that states may regulate the operation of all motor vehicles that drive within their borders,' including the licensing and registration of drivers 'pursuant to their constitutionally protected police power.'" *Van Horne*, 2022 WL 3574299, at *5 (quoting *Perkins v. Ivey*, 772 F. App'x 245, 246 (5th Cir. 2019)). "Texas law states that 'drivers may not operate a motor vehicle on a highway in this state unless the person holds a driver's license' and must produce the license if requested by a police officer." *Van Horne*, 2022 WL 3574299, at *5 (quoting Tex. Transp. Code Ann. §§ 521.021, 521.025).[4] "During a traffic stop, a police officer has the rights to ask the driver for identification" and "an officer may lawfully arrest an individual for even minor offenses." *Van Horne*, 2022 WL 3574299, at *6. In addition, Texas law makes it an offense to operate a vehicle without a license plate. Tex. Transp. Code Ann. § 504.943 ("[A] person commits an offense if the person operates on a public highway, during a registration period, a motor vehicle that does not display two license plates . . . ."). Because Ellis'

---

[4] While certain persons are exempt from the Texas license requirement, Ellis neither fits within one of the exemptions nor claims to do so. *See* Tex. Transp. Code. Ann. § 521.027.

claims deriving from the so-called sovereign-citizen movement are legally and factually frivolous, such claims must be dismissed.[5]

In addition, the Court also finds and concludes that all claims against Defendant City of White Settlement should also be dismissed based on Ellis' failure to state a claim upon which relief can be granted, and, as to the state law tort claims, because of the doctrine of governmental immunity for the reasons stated in Defendant City of White Settlement's motion and reply. (*See* Def. City's Mot. to Dismiss at 8-23; Defendant City of With Settlement, Texas' Reply at 1-8.) Moreover, the Court also finds and concludes that all claims against Defendants Wyly and Banner should also be dismissed based on Ellis' failure to state a claim upon which relief can be granted and based upon qualified immunity,[6] and, as to the state law tort claim, because of the doctrine of governmental immunity for the reasons stated in Defendants Wyly and Banner's motions to dismiss. (*See* Def. Wyly's Mot. to Dismiss at 8-23; Def. Banner's Mot. to Dismiss at 8-24.)

As for the other remaining Defendants in this case (Christopher Cook, Jonathan Loser, and Jeffrey James), there is no evidence that they have been properly served in this action and they have not entered an appearance in this case. Under Rule 4(m), a court is authorized to dismiss a case without prejudice after notice to Plaintiff if Plaintiff fails to serve a Defendant within 90 days of filing the complaint.[7] This findings, conclusions, and recommendation provides Defendant with

---

[5] The Court notes that, alternatively, such factually and legally frivolous claims could also be dismissed under Rule 12(b)(1) as insufficient to invoke the jurisdiction of a federal court. *See*, *e.g.*, Van Horne, 2022 WL 3574299, at *6.

[6] As to qualified immunity, the Court notes that Ellis has failed to state any facts or allege any actions or inactions on the part of the individual Defendants that violated Ellis' constitutional rights. It follows that Ellis has not shown that the individual Defendants violated any right that was clearly established at the time such that any reasonable official would have known that he was violating Ellis' rights.

[7] After Plaintiff's motion to proceed *in forma pauperis* was granted on November 22, 2022, the Court, in an order dated January 19, 2023, ordered the United States Marshal to serve Defendants. Once service was completed [*see* docs. 11, 12], Plaintiff filed an amended complaint adding several new Defendants, including Loser, Cook, and James. Plaintiff does not appear to have taken any steps to ensure that these new Defendants were served even though "it is ultimately the plaintiff's responsibility to see that [a] defendant is timely served in accordance with Fed. R. Civ.

10

the required notice that the Court is recommending dismissal of the unserved Defendants pursuant to Rule 4(m).

Moreover, the Court notes that it may "consider the sufficiency of the complaint on its own initiative" and may "dismiss an action *sua sponte* under Rule 12(b)(6) as long as the procedure employed is fair." *Van Horne*, 2022 WL 3574299, at *6 (internal quotations and citations omitted). "Fairness in this context typically requires both notice of the court's intention and an opportunity to respond or amend." *Id*. In this case, as Ellis has already been given one opportunity to amend his complaint, Ellis is presumed to have alleged his best case. As set forth above, Ellis' claims are frivolous and devoid of any arguable basis, either in fact or in law, for the wrongs alleged. *See Van Horne*, 2022 WL 3574299, at *6-7.[8] Thus, the claims against Cook, Loser, and James should also be dismissed for this reason as well.

## RECOMMENDATION

Accordingly, the Court **RECOMMENDS** that the district judge **GRANT** Defendants' Motions to Dismiss [docs. 29, 30, 31] and **DISMISS**, *sua sponte*, all claims against all other Defendants for the reasons set forth above.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has

---

P. 4(m)." *Traylor v. Spivey*, No. 3:19-CV-0576-S-BH, 2020 WL 8083841, at*1 (N.D. Tex. Nov. 24, 2020), *rep. and recommendation adopted*, 2021 WL 91683 (N.D. Tex. Jan. 11, 2021).

[8] The Court notes that the "Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted." *Brown v. Exeter Fin. LLC*, No. 3:21-cv-00169-M-BT, 2021 WL 4342336, at *5 (N.D. Tex. Aug. 27, 2021). However, because Ellis has already been allowed to amend his complaint, the Court finds that Ellis has alleged his best case and any additional opportunity to amend would be futile. *See id*.

been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 19, 2023** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusion and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 5, 2023.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE