UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ERIC LAMAR ELLIS,**

   Plaintiff,

v.    No. 4:22-cv-1028-P

**CITY OF WHITE SETTLEMENT,
ET AL.,**

   Defendants.

### ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") in this case on September 5, 2023. ECF No. 45. Plaintiff Eric Ellis filed two objections to the FCR on September 5 and September 7, respectively. ECF Nos. 46, 47. The Court reviewed the FCR *de novo*. As detailed below, the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR (ECF No. 45), **OVERRULES** Ellis's objections (ECF Nos. 46, 47), and **GRANTS** Defendants' Motions to Dismiss (ECF Nos. 29–31). Accordingly, the Court **ORDERS** that Ellis's claims in this action are **DISMISSED with prejudice**.[1] As such, all outstanding motions in this matter are **DENIED** as **moot**.

### BACKGROUND

Officer Payton Wyly of the White Settlement, Texas Police Department stopped Eric Ellis in November 2022 because Ellis's car didn't have a license plate. Expectedly, Wyly requested Ellis's license

---

[1]As noted in the Magistrate Judge's FCR, the record does not reflect service upon several remaining defendants. Nonetheless, because Ellis fails to state a legally cognizable claim against any named defendants, the Court dismisses Ellis's claims against all remaining defendants, doing so *sua sponte* for claims against the unserved defendants under 28 U.S.C. § 1915(d).

and registration. Ellis didn't have a license and told Wyly he didn't need one. In fact, Ellis informed Wyly he needed neither a license plate nor a driver's license to "exercise his right to travel." Details are fuzzy in the parties' briefing over who-said-what next, but it's clear Ellis became agitated during the interaction. Wyly called backup, prompting Officers Jonathan Loser and John Banner to arrive at the scene. An irate Ellis then began lecturing these new officers on the alleged illegality of the stop. When Ellis repeatedly ignored the officers' instructions, they booked him for roughly twenty hours in the White Settlement jail for further questioning and took his family home.

In the state-court criminal proceeding arising from the incident, Ellis raises several arguments under a "sovereign citizen" theory—essentially a belief that Texas laws do not apply to Ellis because he functions as a nation-state-of-one. With that case still pending, Ellis sued the officers involved in this Court on November 17, 2022. In addition to the above officers, Ellis sued the City of White Settlement, the White Settlement Chief of Police, and the City Manager of White Settlement, along with several now-terminated John Doe defendants. Ellis makes similar "sovereign citizen" arguments in this case. For instance, he argues his constitutional rights were violated when he was pulled over for driving without license plates because "neither Ellis, nor his property is in contract with the Texas Department of Motor Vehicles." Suing under 42 U.S.C. §§ 1981, 1983, Ellis alleges an astonishing array of constitutional violations and torts against the remaining defendants—all of which are detailed in the Magistrate Judge's FCR. *See* ECF No. 45 at 1–5.

The FCR addresses Motions to Dismiss filed by the City of White Settlement (ECF No. 29), Officer Wyly (ECF No. 30), and Officer Banner (ECF No. 31). The FCR further recommends *sua sponte* dismissal of Ellis's claims against all remaining defendants. For the reasons below, the Court **ADOPTS** the FCR's reasoning and **DISMISSES** Ellis's claims against all remaining defendants.

## LEGAL STANDARD

Federal courts may dismiss cases for "failure to state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6). Complaints fail to state a claim on which relief can be granted if they "lack[ ] an arguable

basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A case lacks an arguable basis in fact if the complaint fails to include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). A case lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

For 12(b)(6) motions, the Court accepts all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). But the Court's interpretive leniency doesn't apply to legal conclusions, which the Court will not presume to be true. *Iqbal*, 556 U.S. at 678–79. For plaintiffs proceeding *in forma pauperis*, the Court is statutorily empowered to dismiss any frivolous claims *sua sponte*. *Neitzke*, 490 U.S. at 327; *see* 28 U.S.C. § 1915(d).

## ANALYSIS

As discussed in the Magistrate Judge's FCR, there are several reasons Ellis's claims should be dismissed. These reasons are as varied as Ellis's claims themselves, ranging from potential applicability of the *Heck v. Humphrey*, 512 U.S. 477 (1994) doctrine to the doctrine of governmental immunity vis-à-vis Ellis's tort claims against White Settlement. *See* ECF No. 45 at 4–9. While the Court finds all reasons in the FCR compelling, the Court need not meticulously analyze them here because Ellis's claims are patently frivolous. Mindful of its obligation to liberally construe the pleadings in Ellis's favor, *see Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), the Court conducted an exhaustive review of Ellis's allegations to determine which, if any, could support a viable claim. As outlined in the FCR, none do.

The Amended Complaint throws the kitchen sink at defendants, alleging at least the following claims:

(1) deliberately fabricating false evidence to frame Ellis in violation of the Fourteenth Amendment;

(2) relying on false statements and material omissions in an affidavit in support of probable cause for a misdemeanor prosecution in violation of the Fourth Amendment;

(3) retaliation for Ellis' questioning of the legitimacy of his detention in violation of the First Amendment;

(4) civil conspiracy;

(5) failure to intervene;

(6) retaliatory arrest in violation of the First Amendment;

(7) excessive force in violation of the Fourth Amendment;

(8) malicious prosecution in violation of the Fourth Amendment;

(9) retaliatory prosecution in violation of the First Amendment;

(10) municipal liability for unlawful policies/failure to train;

(11) nebulous violations of the Fourth Amendment by Defendants Wyly, Banner, James, Cook, and Loser;

(12) nebulous violations of the Fourteenth Amendment by Defendants Wyly, Banner, James, Cook, and Loser;

(13) unspecified violations of the First Amendment by unspecified Defendants;

(14) supervisory liability against Defendants City of White Settlement, Cook, and James;

(15) violations of 42 U.S.C. § 1981 by Defendants Wyly, Banner, and Loser;

(16) assault by Defendants City of White Settlement and Wyly;

(17) battery by Defendants City of White Settlement and Wyly;

(18) false arrest and imprisonment;

(19) invasion of privacy by Defendants City of White Settlement, Wyly, Banner, and Loser;

(20) unspecified negligence; and

(21) defamation by Defendants City of White Settlement and Wyly.

*See* ECF Nos. 23 at 6–23; 45 at 4. Beyond the independent lack of merit unique to each claim, the above claims fail because they are predicated on Ellis's assumption that the officers acted improperly in pulling him

over for driving without license plates—an assumption Ellis reiterates in his objections. *See* ECF Nos. 46, 47.

With no evidence to support Ellis's assumption of impropriety and no facts that otherwise support his allegations, Ellis's claims lack an arguable basis in law or fact. *See Neitzke*, 490 U.S. at 327. You can't operate a motor vehicle in Texas without front and rear license plates. *See* TEX. TRANS. CODE ANN. § 504.943. It is undisputed that Ellis did so, meaning the White Settlement police officers did not act improperly in pulling him over. Ellis's claims are all predicated on the Court's determination that, unlike the other 17.6 million registered motorists in this state, the Texas Transportation Code doesn't apply to Ellis. And as fully explained in the FCR, the record contains no evidence to support the remaining claims that could arguably stand independent of this frivolous legal theory. *See* ECF No. 45 at 6–10. Accordingly, the Court **ADOPTS** the FCR's reasoning in its entirety and **DISMISSES** Ellis's claims against all remaining defendants.

## ANALYSIS OF OBJECTIONS

Ellis raises a series of discordant, conclusory objections to the Magistrate Judge's FCR. *See* ECF Nos. 46–47. Broadly speaking, Ellis summarizes his objections by stating the FCR is "founded on [unspecified] manifest errors of fact and law. And if adopted, they would halt Plaintiff's effort to vindicate ongoing and systemic constitutional rights violations before any discovery has taken place." ECF No. 46 at 2. Ellis devotes several pages of briefing to objections the Court is unable to ascertain, citing the Prison Litigation Reform Act and discussing apparent prejudice caused by a prior order denying consolidation of Ellis's claims in a related lawsuit. *See, e.g.*, ECF No. 46 at 8–9. The Court was able to distill three categorical objections from Ellis's two filings and presents them below alongside the reason each is overruled:

- **Objection #1:** "Line 33 of the amended complaint creates a claim that the arrest was unreasonable given the stated fact that the City of White Settlement Police Department failed to charge Eric Ellis for failure to identify even though that is what the arresting officer told Ellis at the time of the arrest." ECF No. 46 at 3.

5

- **Reason Overruled:** The ultimate charge in a criminal proceeding does not speak to the propriety or impropriety of the initial officers' actions and Ellis furnishes no evidence that "it was indeed a municipal policy adopted by the Defendants that invigorated the Defendant Officers . . . to perform pretextual stops." ECF No. 46 at 9. Moreover, Ellis admits to driving without license plates or a driver's license. ECF No. 23 at 4–5. Without (1) an arguable legal position and (2) facts in support of his allegations, Ellis's objection fails to undermine the FCR's detailed legal analysis. *See Neitzke*, 490 U.S. at 325 (noting Section 1915 defines "frivolous" to "embrace[] not only inarguable legal conclusion[s] but also fanciful factual allegation[s]") (cleaned up).
- **Objection #2:** "Accepted as true lines 14 and 15 of Plaintiff's amended complaint created a claim that Officer Payton Wyly's stop is pretextual. Defendant Wyly pretextually singled out and targeted Eric Ellis for a traffic stop [even though] Officer Payton Wyly was 'going in the opposite direction' when he spotted Eric Ellis." ECF No. 47 at 2.
- **Reason Overruled:** Though Ellis vehemently argues his stop was pretextual, the only "fact" presented to support that allegation is that Wyly was "going in the opposite direction" when he stopped Ellis's vehicle. *Id.* Ellis cites no legal authorities suggesting that fact supports a finding of pretext, and the Court is unaware of any that would. Accordingly, lines 14 and 15 of the Amended Complaint are naked legal conclusions unentitled to a presumption of truth. *See Iqbal*, 556 U.S. at 678–79.
- **Objection #3:** Ellis's claims against the City of White Settlement should survive because the relevant allegations were "proprietary" rather than "governmental" functions and thus don't implicate White Settlement's governmental immunity. *See* ECF Nos. 46 at 5–8; 47 at 4–7.
- **Reason Overruled:** The Court directs Ellis to the reason Objection #2 was overruled. Further, insofar as this Objection speaks to White Settlement's governmental immunity vis-à-vis Ellis's tort claims, the Court also notes that Ellis's legal conclusions are both naked and wrong. Governmental functions

are "those functions that are enjoined on a municipality by law and are given it by the state as part of the state's sovereignty, to be exercised by the municipality in the interest of the general public." TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a). Proprietary interests are "those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality." *Id.* § 101.0215(b). It is black-letter Texas law that enforcing traffic laws is a governmental function. *See id.* § 101.0215(a)(1). Accordingly, though Ellis's claims are facially frivolous and the Court need not address the issue, White Settlement is immune from Ellis's claims arising from the city's enforcement of traffic laws. *See Owen v. City of Indep., Mo.*, 445 U.S. 622, 645–46 (1980).

## CONCLUSION

Having reviewed the FCR *de novo*, the Court **ADOPTS** the FCR's reasoning, **OVERRULES** Ellis's objections, and **DISMISSES** Ellis's claims against all defendants **with prejudice**. Accordingly, all outstanding motions in this matter are **DENIED** as **moot**.

**SO ORDERED** on this **26th day** of **September 2023.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE