**FILED**
**June 10, 2024**
KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

# United States Court of Appeals for the Fifth Circuit

No. 23-10996
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
May 17, 2024
Lyle W. Cayce
Clerk

Eric Lamar Ellis,

*Plaintiff—Appellant*,

*versus*

City of White Settlement; Payton Wyly, *City of White Settlement Officer*; Christopher Cook, *Chief of Police*; John Banner, *Corporal*; Jonathan Loser, *Officer*; Jeffrey James, *City Manager of the City of White Settlement*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-1028

Before Clement, Elrod, and Ho, *Circuit Judges*.

Per Curiam:[*]

Eric Lamar Ellis filed this suit pursuant to 42 U.S.C. § 1983 against the City of White Settlement, a city manager, and four police officers, alleging over 20 violations of his civil rights and state tort law. He appeals

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the district court's dismissal of his amended complaint on the basis of failure to state a claim, qualified immunity, governmental immunity, and lack of service. Because even pro se litigants are required to brief arguments, we do not address lack of service or other issues not raised in Ellis's initial brief. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

A plaintiff avoids dismissal under Federal Rule of Civil Procedure 12(b)(6) by pleading sufficient factual matter to state a claim to relief that is plausible on its face. *Romero v. City of Grapevine*, 888 F.3d 170, 176 (5th Cir. 2018). The district court found that Ellis failed to plead facts supporting the claim that police detained him unlawfully, and Ellis shows no error in that finding. Much of his brief focuses on one defendant's qualifications as a peace officer, an issue not raised in the district court. We do not consider legal theories presented for the first time on appeal. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 341-42 (5th Cir. 1999). In any case, Ellis's new argument lacks record support, relying instead on documents appended to his brief. Although he asks us to take judicial notice of these and other documents, we do not allow parties to use judicial notice as a means of circumventing the general rule against supplementing the record on appeal. *See Bd. of Miss. Levee Comm'rs v. EPA*, 674 F.3d 409, 417 n.4 (5th Cir. 2012).

Ellis also contends the district court ruled on qualified immunity prematurely and that governmental immunity in Texas does not apply to intentional torts. Assuming these arguments are preserved, they nevertheless fail on the merits. *See Carswell v. Camp*, 54 F.4th 307, 310-11 (5th Cir. 2022), *cert. denied*, 144 S. Ct. 73 (2023); *City of Watauga v. Gordon*, 434 S.W.3d 586, 589 (Tex. 2014).

Accordingly, the judgment of the district court is AFFIRMED. Ellis's motions for judicial notice are DENIED; his motion to vacate the district court's decision is also DENIED.